UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK STILES, an individual, | Case No.: 2:20-cv-1853 RAJ |
| Plaintiff, | COMPLAINT |
| vs. | JURY DEMAND |
| FOOD LIFELINE, a Washington nonprofit corporation, | |
| Defendant. | |

Plaintiff Mark Stiles complains and avers as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.1   Status of Plaintiff. Plaintiff Mark Stiles is an individual residing in King County, Washington.

1.2   Status of Defendant. Defendant Food Lifeline is a Washington nonprofit corporation. Its principal office and registered agent are in King County, Washington.

1.3   Jurisdiction. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal law.

1.4   Venue. Venue is proper in the Western District of Washington. Plaintiff resides in the Western District of Washington. Defendant transacts business in the Western District of Washington and has offices in the Western District of Washington. Additionally, venue is proper because a substantial part of the events which gave rise to these allegations took place in the Western District of Washington. 28 U.S.C. § 1391(b)(2).

COMPLAINT – Page 1

Mark Stiles
23947 SE 249th St.
Maple Valley, WA 98038
(206) 909-2791

1.5     Plaintiff filed this complaint within 90 days of receiving a notice of dismissal and right to sue letter from the EEOC.

## II.     FACTS

2.1     Plaintiff is a Caucasian, heterosexual male.

2.2     Plaintiff was hired by Defendant on or around June 18, 2012, as an Operations Manager.

2.3     In or around October 2018, Plaintiff was promoted from Senior Warehouse Manager to Director of Warehousing, Facilities, and Maintenance.

2.4     During his employment, Plaintiff performed his job satisfactorily. Plaintiff received multiple increases in his salary during employment for job performance, the most recent being in January 2019.

2.5     On January 3, 2019, Plaintiff's overall job performance was rated as "exceeds expectations" during a yearly review.

### A. Defendant implements a Diversity, Equity, and Inclusion Initiative.

2.6     In or around December 2018, Defendant announced that it would be undertaking a significant training program on diversity and inclusion in March 2019. This training would begin a larger Diversity, Equity, and Inclusion initiative.

2.7     Plaintiff was the only manager to create a Diversity, Equity, and Inclusion tracker for his employees, which allowed them to stay current with their responsibilities related to the initiative. Additionally, Plaintiff was the only manager to incorporate Diversity, Equity, and Inclusion after-meetings into his team's work schedule. Every member of Plaintiff's team attended these meetings.

2.8     In or around the spring of 2019, Defendant's Chief Operating Officer, Sam Mayberry, informed Plaintiff through multiple comments that Defendant was pursuing a diversity overhaul of staff and that Mr. Mayberry and Plaintiff, as white males, were an "endangered species."

### B. Defendant discriminates against and ultimately terminates Plaintiff due to his protected characteristics

2.9   On May 22, 2019, Defendant terminates Plaintiff and another white, male coworker. During Plaintiff's termination meeting, he is told that Defendant is going in a "different direction."

2.10   Plaintiff's replacement was a Hispanic male who was not qualified for the job due to a lack of experience and lack of multiple certificates required to perform the job.

2.11   The defendant acted with reckless indifference to plaintiff's rights under anti-discrimination laws.

### III.   CAUSES OF ACTION

#### A. Race Discrimination (Title VII of the Civil Rights Act of 1964)

3.1   Plaintiff is in a protected group based on his race (Anglo-Saxon), color (white), and national origin (European).

3.2   Plaintiff was performing his job satisfactorily.

3.3   Defendant terminated Plaintiff because of his race, color or national origin despite Plaintiff's exemplary work in violation of 42 U.S.C. 2000e (i.e. Title VII).

3.4   Plaintiff was replaced by an individual outside of his protected group.

3.5   Plaintiff was more qualified for the position than his replacement.

3.6   As a result of Defendant's decision to terminate Plaintiff, he has suffered emotional damages in an amount to be determined at trial.

#### B. Race Discrimination (WLAD)

3.7   Plaintiff is in a protected group based on his race (Anglo-Saxon), color (white), and national origin (European).

3.8   Plaintiff was performing his job satisfactorily.

3.9   Defendant terminated Plaintiff his race, color or national origin despite Plaintiff's exemplary work in violation of the Washington Law Against Discrimination (RCW 49.60.180).

3.10   Plaintiff was replaced by an individual outside of his protected group.

3.11   Plaintiff was more qualified for the position than his replacement.

3.12   As a result of Defendant's decision to terminate Plaintiff, he has suffered emotional damages in an amount to be determined at trial.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1)   Injunctive relief, including but not limited to:

    a.   An audit of Defendant's hiring and termination history with respect to protected characteristics;

    b.   A court-ordered review of Defendant's hiring and termination practices with respect to protected characteristics; and

    c.   Reinstatement;

(2)   Compensatory damages;

(3)   Emotional damages;

(4)   Punitive damages;

(5)   For such other and further relief as the Court may deem just and proper.

Dated this 28th day of December, 2020.

*/s/ Mark Stiles*
Mark Stiles
23947 SE 249th St.
Maple Valley, WA 98038
(206) 909-2791
stiles_development@yahoo.com
Plaintiff