HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mark Stiles,

      Plaintiff,

  v.

Food Lifeline,

      Defendant.

Case No. 2:20-cv-01853-RAJ

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. # 11. For the reasons below, the motion is **GRANTED**.

In June 2012, Plaintiff Mark Stiles was hired by Defendant Food Lifeline. Dkt. # 4 ¶ 2.2. After more than seven years with the company, Mr. Stiles alleges that he was discriminated against because of his "race (Anglo-Saxon), color (white), and national origin (European)" and was thereby terminated from Food Lifeline. *Id.* ¶¶ 2.9, 3.1, 3.7. He brings claims under Title VII of the Civil Rights Act of 1964 and Washington Law Against Discrimination. *Id.* ¶¶ 3.1-3.12.

Food Lifeline moves to dismiss this action because, it says, Mr. Stiles failed to serve the company with his complaint. Dkt. # 11. A process server, presumably on Mr. Stiles's behalf, served the company with a copy of the first page of the summons. Dkt.

ORDER – 1

# 11-1 ¶ 3. But the server did not serve the company with a copy of the complaint. *Id.* ¶ 5. According to the company, this violated Federal Rule of Civil Procedure 4 and warrants dismissal. *Id.* To date, Mr. Stiles has not responded to Food Lifeline's motion to dismiss.

It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5).

Rule 4 of the Federal Rules of Civil Procedure sets forth the rules governing service of process. Rule 4 requires a plaintiff to serve a defendant with both a summons and a "copy of the complaint." Fed. R. Civ. P. 4(c)(1). Further, service must be made within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not made within that time, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* (emphasis added).

Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Food Lifeline challenges Mr. Stiles's service of process. According to the company, Mr. Stiles's process server only served the company with "a single sheet of paper—a bad photocopy—of page one of the Summons." Dkt. # 11 at 2. The server did not serve the second page of the summons. *Id.*; *see, e.g.*, Dkt. # 11-1 ¶ 3. Nor did it serve a copy of the complaint. Dkt. # 11-1 ¶ 5.

ORDER – 2

This service is insufficient under Rule 4.  Mr. Stiles had to serve Food Lifeline with the summons *and* a copy of the complaint.  He did not do so; he only served the company with a copy of the first page of the summons.

The burden now shifts to Mr. Stiles to show that his service of process was valid. *Brockmeyer*, 383 F.3d at 801.  Mr. Stiles, however, has not responded to Food Lifeline's motion to dismiss, even though the motion was filed more than seven months ago.  Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").  Thus, the Court finds that Mr. Stiles has failed to meet his burden.

In the end, Mr. Stiles's complaint was filed on December 29, 2020.  Dkt. # 4.  Under Rule 4(m), Mr. Stiles was required to serve his complaint within 90 days from that date.  Mr. Stiles indeed tried to serve Food Lifeline, but his service of process was insufficient.  Because it has been more than 90 days since the complaint was filed and because Food Lifeline has still yet to be properly served, the Court **GRANTS** Food Lifeline's motion to dismiss (Dkt. # 11) and **DISMISSES** this action without prejudice.

DATED this 3rd day of November, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3